# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **PEGGY GREEN & LIONELL FLAMER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CPU4-13-003662 |
| | ) | |
| **PNC FINANCIAL SERVICES GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Decided:  March 18, 2015

Jeffrey S. Cianciulli, Esquire
824 N. Market Street Mall
Suite 800
Wilmington, DE  19801
 *Attorneys for Defendant*

Thomas E. Hanson, Esquire
Morris James, LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801
 *Attorneys for Plaintiff*

## DECISION

This matter is before the Court on PNC Financial Services Group, Inc. ("PNC") motion for Judgment on the Pleadings pursuant to *Court of Common Pleas Civil Rule 12(c)* and motion to dismiss, based upon the statute of limitations.

The facts from which this dispute arises centers upon whether there exists credit life insurance at the time of Plaintiff Green's husband's death in June 2009.  The pleadings allege that on May 1, 1997, Peggy Green and George Green (her husband) obtained a home equity line of credit from PNC.  As a part of the loan agreement, the Green purchased credit life

insurance in the amount of $25,000.00, from Union Security Life Insurance Company effective May 23, 1997[1], at which time George Green was age 58. George died June 2009 at age 70. On July 6, 2009, PNC sent a letter to Peggy Green indicating that the life insurance coverage only allowed for a single claim for each account.[2] On July 10, 2009, Lionell Flamer, a former party to this proceeding sent a letter to PNC essentially seeking clarification of the insurance status on the accounts.[3]

On August 25, 2009, Minnesota Life Insurance Company wrote to Delaware Consumer Services Division regarding the Green's claim. That letter indicated that the policy provisions provided that coverage stops when the insured reaches the age 66. Therefore, since George reached the age of 66 on May 23, 2005, there was no coverage at the time of his death.[4]

Because PNC failed to pay on the alleged insurance coverage, Peggy Green and Lionell Flamer brought this action for breach of contract. They allege when they obtained the equity loan and life insurance coverage and on October 3, 2008, PNC employees promised that in the event of Peggy or George Green's demise, their equity line [credit][5] would be forgiven. They further allege they relied on that promise and did not take any other action to cover the loan. Finally, Plaintiff argues that it would constitute an injustice to not enforce the promise by PNC.

---

[1] Union Security Life Insurance Company policy.
[2] PNC letter of July 6, 2009.
[3] Flamer letter to PNC, July 10, 2009. On February 21, 2014, this Court granted PNC's motion to dismiss all claims of Lionell Flamer.
[4] Minnesota Life Insurance letter to Consumer Services Division dated August 25, 2009.
[5] Plaintiff's Complaint filed December 6, 2013.

On February 21, 2014, this Court granted PNC's motion to dismiss the claims of Lionell Flamer and denied the motion as to Peggy Green. PNC filed its answer on March 13, 2014. In its pleadings, PNC denied the claim and raised numerous affirmative defenses. [6] A pre-trial conference was held in these matters on March 17, 2014. On March 14, 2014, PNC brought this motion for judgment on the pleadings and to dismiss based upon statute of limitations.

On July 1, 2014, Peggy Green filed a response to the motion, which she attached a letter from PNC Bank dated July 6, 2009. The letter indicates that the credit life which may have been purchased only allows a single claim for each account, and if you wish to pay off the account with life insurance, they need to give notice.

The second document attached to the letter was from Minnesota Life Insurance Company, dated August 25, 2009. It stated ". . . Review of these documents (referring to documents obtained from PNC Bank) shows that George and Peggy Green elected Joint Credit Life Insurance at the time of their Home Equity Line of Credit Loan with PNC Bank. This documentation also shows that insurance coverage terminated when the older of the two debtors turned age 66. As a result, there was no coverage for Mr. Green on the date of his death . . . [7]

The Minnesota Life letter also provided that upon reaching the maximum age under the Insurance Certificate which is 66, coverage stops for that individual but continues for the Debtor if such individual agrees to pay the premium for single debtor coverage. It

_____

[6] PNC's Answer filed on March 13, 2014.

[7] The language in the policy clearly states under the Subsection: *"When Insurance stops. The insurance will stop on your monthly billing date after the following events: (a) you reach the Maximum Age indicated in the schedule. If joint coverage is provided, the insurance stops when the older of the Debtor or Co-Debtor reaches the Maximum Age shown in the Schedule; coverage will continue in force on the other debtor if he so requests and agrees to pay the premium for the single debtor coverage; . . ."*

concludes by stating that from the loan history, as of July 2005, when George reached age 66, the premium being assessed to the loan switched to Single Credit Life on Peggy Green. The insurance schedule attached to the letter indicates the maximum age for coverage is 66 and lists the date of birth for George A. Green as May 23, 1939.

<u>Analysis</u>

The provisions of *Court of Common Pleas Civil Rule 12(c)* provides in relevant part that:

> After the pleadings are closed, but within time as not to delay the trial, any party may move for judgment on the pleadings. If a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in *Rule 56,* and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by *Rule 56*."

In considering a motion for Judgment on the Pleadings, the Court must accept all well-pled allegations of the Complaint as true, and assume the presentation of evidence sufficient to support those allegations. Additionally, the motion will not be granted if the Plaintiffs may recover under any conceivable set of circumstances susceptible of proof under the Complaint.[8] The Court must view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party. Finally, for purposes of the motion, the moving party admits the allegations of the opposing party's pleading, but contends that they are insufficient as a matter of law.[9]

---

[8] *Leary v. Eschelweck*, 2012 WL 1664236 (Del. Super.)

[9] *Hannegan et al. v. Cardiology Consultants P.A., et al.* 2007 WL 4200811 (Del. Super.); *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, Del.Supr., 624 A.2d 1199 (1993)

4

Moreover, if when considering such a motion, matters or allegations outside the pleadings are presented to or not excluded by the Court, the motion then shall be treated as one for summary judgment and analyzed under *Court of Common Pleas Civil Rule 56*.

PNC argues that its motion is appropriate under *Rule 12(c)* because there are no material issues of fact in dispute and it is entitled to judgment as a matter of law. Additionally, it alleges that Green failed to bring her claim within the three-year statutory period under *10 Del.C. § 8106*, which provides no action based in contact shall be brought after the expiration of 3 years from the accruing of the cause of such action.

PNC argues the cause of action accrues at the time of the breach, which is the time of George Green's death. Thus, if PNC had an obligation to pay under the insurance contract, the date of June 2009 is the date when the claim accrued. Therefore, under the provisions of *Section 8106*, Green was required to bring the action for breach on or before June 2012. In this matter, Green did not bring her claim by filing this action until December 6, 2013, which is eighteen (18) months after the statute of limitations period had run.

Green in her answer to PNC's motions argues that the nature of the relationship and the actions of PNC makes it difficult for the Court to determine the date when the breach occurred and when the statute had begun to run. She points to her letter of May 12th which indicates the issue of forgiveness for the loan was under review. She further argues that based upon Delaware "time of discovery" rule, applicable to inherently unknowable injury where the plaintiff is blamelessly ignorant, that there was no basis for her to know that there was no coverage.

In reviewing the pleading and the documents submitted, it is clear that coverage for George Green terminated when he reached the age 66. The argument that PNC somehow extended that coverage by its letter of July 6, 2009 is not supported by the facts. Even assuming that PNC had the authority to extend coverage, it would require an amendment to the insurance contract in writing. Additionally, Green's argument that she relied upon representation of PNC and did not obtain additional coverage is not sufficient to support an extension of the contract or amend the coverage clause. The contract is clear that, upon reaching age 66, coverage is terminated. Both Greens signed the agreement and there is no ambiguity in the terms and conditions. Her argument that she relied upon PNC for the interpretation that there is coverage is not reasonable.

Accordingly, PNC's Motion for Judgment on the Pleadings is Granted. Because I conclude PNC is entitled to Judgment on the Pleadings, I need not reach the statute of limitations claim.

**So Ordered**

_____
**Alex J. Smalls**
**Chief Judge**

Flamer-OP  Mar 12 2015